# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| IN RE: TAYLOR BROTHERS, INCORPORATED,<br>                      Debtor.<br>EIN: 54-0614054 | Case No. 10-30216<br>Chapter 11<br>(Joint Administration Pending) |

## MOTION OF DEBTOR FOR ORDER APPROVING SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR PURSUANT TO 11 U.S.C. § 363

Taylor Brothers, Incorporated, the debtor and debtor-in-possession in the above-captioned case ("Taylor" or "Debtor"), by counsel, hereby moves this Court for entry of an order pursuant to sections 105 and 363 of the Bankruptcy Code approving the sale of certain property of the estate to The Lester Group, Inc. ("Lester") pursuant to that certain Asset Purchase Agreement by and between Lester and the Debtor dated January 12, 2010, a copy of which is attached hereto as Exhibit A and specifically incorporated herein.  In support of this Motion, the Debtor relies upon the Declaration of Philip R. Roper, III in Support of Chapter 11 Petition and First Day Pleadings (the "Declaration"), filed concurrently herewith.  In further support, the Debtor respectfully states as follows:

### Jurisdiction and Venue

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this case and this motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The bases for the relief requested herein are Bankruptcy Code §§ 105 and 363.

---

Roy M. Terry, Jr. VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Proposed Counsel for Taylor Brothers, Incorporated

**Background**

3. On January 13, 2010 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtor, its business operations, and the events leading to the filing of this bankruptcy case are set forth in detail in the Declaration.

4. The Debtor continues to manage and operate its business as debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

5. No trustee, examiner, or committees have been appointed or designated in this case.

6. On January 12, 2010, the Debtor entered into an Asset Purchase Agreement (the "APA") with Lester, pursuant to which the Debtor will sell to Lester[1] (i) all inventory held by Debtor for re-sale located at 905 Graves Mill Road, Lynchburg, Virginia (the "Inventory"); (ii) all fixed assets located at 905 Graves Mill Road, Lynchburg, Virginia (the "Fixed Assets"); and all rights and interest of Debtor in and to the names and marks "Taylor Bros. Lumber Co.," "Taylor Brothers Lumber," "Taylor Brothers, Incorporated" and all variations thereof and related intellectual property thereto (the "IP," collectively with the Inventory and Fixed Assets, the "Property").

**Relief Requested**

7. By this Motion, Taylor requests that the Court enter an order pursuant to sections 105 and 363 of the Bankruptcy Code (a) approving the sale of the Property to Lester and the related APA, and (b) granting other related relief. The Debtor believes that, unless the sale to Lester is consummated expeditiously, there will be significant further administrative costs to the

---

[1] To the extent there are any inconsistencies between this Motion and the terms and conditions of the APA, the terms of the APA control.

Debtor's estate and a deterioration in value of the Property. An expeditious sale of the Property to Lester pursuant to the APA therefore represents a sound exercise of business judgment by the Debtor.

### The APA

8. The APA includes the following salient provisions:[2]

   a) <u>Purchased Assets</u>. At Closing, the Debtor will sell, convey, assign, transfer and deliver to Lester, free and clear of all liens and encumbrances, all right, title and interest of the Debtor to the Property.

   b) <u>Consideration</u>. The consideration for the Property shall be the sum of (a) sixty percent (60%) of the Debtor's cost for all the inventory described in Exhibit 2.1(a) to the APA, (b) the Debtor's net book value of the Fixed Assets, and (c) one thousand dollars for the IP, subject to prorations for any personal property Taxes assessed against the Property, which are not yet due and owing as of the Closing (the "Purchase Price").

   c) <u>Closing Date</u>. The Closing shall take place on January 22, 2010, or if all the conditions to closing have not been satisfied or waived by such dated, on such later date as soon as practicable, but in no event later than February 5, 2010, or at such other time and place as Lester and the Debtor may agree in writing.

   d) <u>Closing Conditions</u>. Articles 5 and 6 of the APA contain various pre-closing covenants and conditions precedent to closing.

   e) <u>Bankruptcy Court Approval</u>. The APA is subject to Court approval.

   f) <u>Higher and/or Otherwise Better Offers</u>. Although the Debtor is not requesting that the Court establish a formal bidding and auction process, the APA is subject to the receipt of higher and/or otherwise better offers of an amount greater than the Purchase Price plus the Break-Up Fee as established in Section 6.3. Any party interested in purchasing the Property shall have the opportunity to offer more value should they desire to pursue a purchase and submit a competing bid.[3]

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the APA.
[3] Any party that desires to submit a competing offer should immediately contact the Debtor's undersigned counsel.

**Applicable Authority**

A. <u>Sound Business Judgment Exists to Support the Sale</u>

9. Ample authority exists for approval of the proposed sale. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under section 363(b), approval of a sale is appropriate if the court finds the transaction has a sound business purpose or represents a reasonable business judgment on the part of the debtor. <u>See</u> <u>In re WBQ Partnership</u>, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995) (adopting "sound business purpose" test for section 363(b) sales as set forth in <u>In re Lionel Corp.</u>, 722 F.2d 1063 (2d Cir. 1983)); <u>In re W.A. Mallory Company, Inc.</u>, 214 B.R. 834, 836-37 (Bankr. E.D. Va. 1997) (noting the court follows the "sound business purpose" test when examining section 363(b) sales).

10. Although section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's asset prior to confirmation of a plan, courts in other Circuits have required that the decision to sell assets outside the ordinary course of business be based upon the sound business judgment of the debtor. <u>See</u> <u>In re Abbotts Dairies of Pennsylvania, Inc.</u>, 788 F.2d 143 (3d Cir. 1986). As set forth above, this District has also adopted the "sound business purpose" test for section 363(b) sales. <u>See</u> <u>In re WBQ Partnership</u>, 189 B.R. at 102. The debtor has the burden of proving the following four elements: (a) a sound business reason or emergency justifies a pre-confirmation sale; (b) the sale has been proposed in good faith; (c) adequate and reasonable notice of the sale has been provided to interested parties; and (d) the purchase price is fair and reasonable. <u>See</u> <u>id.</u>

11. The Debtor's decision to proceed with the sale under the APA is based upon sound business judgment and should be approved. A debtor's showing of a sound business purpose need not be unduly exhaustive but, rather, a debtor is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a transaction depends upon the facts and circumstances of each case. See Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983). Given the cessation of the Debtor's operations and the deteriorating value of the assets, the Debtor must quickly consummate a sale of the Property in order to realize the highest possible value therefor. In addition, a sale of all the Property, as opposed to a piecemeal liquidation thereof, will result in a higher overall price for the Property and realization for the Debtor's estate.

12. The sale to Lester has been proposed in good faith through arm's length negotiations. The terms of the APA were negotiated in good faith and reviewed by counsel for both parties.

13. The Debtor and its parent Roper Brothers Lumber Company, Incorporated have continually marketed the Property for over three months and has provided adequate and reasonable notice of the availability of the sale of the Property to interested parties during that time.

14. The Purchase Price is fair and reasonable given the circumstances. The Debtor believes that it would not be able to command a higher price through a formal auction of the Property and the delay of an extended process would serve to only decrease the value of the assets to be sold. Taylor and its parent, Roper Brother Lumber Company, Incorporated have endeavored to market the Property and believe they have pursued and adequate marketing

process. Moreover, were another offer to be received after the filing of this Motion, the sale to Lester remains subject to higher and better offers received prior to Closing of the APA.

B.  The Proposed Sale Satisfies the Requirements of Section 363(f) of the Bankruptcy Code

15. Under section 363(f) of the Bankruptcy Code, a debtor-in-possesion may sell any or part of its property free and clear of any and all liens, claims, encumbrances, or interest in such property if the party asserting such a lien, claim, encumbrance or interest consents to such sale. See 11 U.S.C. § 363(f)(2).

16. Wells Fargo Bank, N.A. holds a secured interest in the assets of the Debtor and has consented to the sale of the Property pursuant to the terms of the APA. The Debtor is not aware of any other entities asserting a lien, claim, encumbrance or interests in the property, nevertheless, to the extent that any other valid interest does exist, the Debtor believes such interest will be protected because the order approving the sale will provide that any lien, claim, encumbrance or interest in the Property will attach to the net proceeds of the sale, subject to any claims or defenses that the Debtor may possess with respect thereto. Therefore, a sale of the Property free and clear of all liens, claims, encumbrances and interests, with any such liens, claims, encumbrances and interests attaching to the net proceeds of the sale is appropriate and may be approved by the Court.

C.  Relief from Bankruptcy Rules 6003(b) and 6004(h) is Appropriate

17. Bankruptcy Rule 6003(b) provides that to the extent necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant a motion to use, sell or lease property of the estate. See Fed. R. Bankr. P. 6003(b). Further, Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders

otherwise." The APA requires that the Closing occur on January 22, 2010, or in any event, no later than February 5, 2010. As a result, without the immediate entry of an order approving the APA and proposed sale and waiving the 14-day stay under Bankruptcy Rule 6004(h), the Debtor's estate will suffer immediate and irreparable harm in the loss of the sale to Lester.

### Notice

18. Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Eastern District of Virginia; (ii) Creditor's Committee; (iii) counsel for Wells Fargo Bank, N.A.; (iv) all parties that have requested notice in the Debtor's case or Roper's case; such other parties entitled to receive notice pursuant to the Order Establishing Certain Notice, Case Management, and Administrative Procedures (Roper Brothers Lumber Company, Incorporated Docket No. 41); and (v) any other parties required by the Court. The Debtor submits that, under the circumstances, no other or further notice is required.

### Waiver of Memorandum of Law

19. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtor requests that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

### No Prior Request

20. No previous request for the relief sought in this Motion has been made to this Court or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order approving the APA and the resulting sale of the Property to The Lester Group, Inc., waiving the 14 day waiting period set forth in Bankruptcy Rule 6004(h), and such other and further relief as may be just and proper.

Dated:  January 13, 2010                                  DURRETTEBRADSHAW PLC

 /s/ Roy M. Terry, Jr.
Roy M. Terry, Jr. VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Proposed Counsel for Taylor Brothers, Incorporated