UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: TAYLOR BROTHERS, INCORPORATED, | Case No. 10-30216 Chapter 11 |
| Debtor. | |
| EIN: 54-0614054 | |

### DECLARATION OF PHILIP R. ROPER, III
### IN SUPPORT OF CHAPTER 11 PETITION AND "FIRST DAY" MOTIONS

I, Philip R. Roper, III, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

A.  I am authorized to submit this Declaration in support of the chapter 11 petition and the "first day" motions described herein that were or will be filed by Taylor Brothers, Incorporated (the "Debtor").

B.  As the sole shareholder of Roper Brothers Lumber Company, Incorporated, which is the sole shareholder of the Debtor, I am familiar with the Debtor's day-to-day operations, business affairs, and books and records. I have also reviewed the Debtor's "First Day Motions and Orders" and am familiar with the facts alleged therein and relief requested. I have personal knowledge of the facts, circumstances and other matters set forth in the First Day Motions and Orders and in this Declaration or have gained knowledge of such matters from the Company's officers, employees, and professional advisors. If called as a witness, I would testify thereto and as follows:

**A.   Introduction**

1.  On January 13, 2010, the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

Roy M. Terry, Jr. VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Proposed Counsel for Debtor

2. The Debtor continues to manage and operate its business as debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3. No trustee, examiner, or committees have been appointed or designated in this case.

4. Debtor, headquartered in Petersburg, Virginia, is a wholly owned subsidiary of Roper Brothers Lumber Company, Incorporated ("Roper Brothers").

5. Like its parent, Debtor was engaged primarily in the business of selling lumber and related building materials to home builders and commercial contractors throughout southwest Virginia.

6. Roper Brothers and Debtor terminated operations effective December 11, 2009.

7. As part of its efforts to liquidate in an efficient and effective manner, Roper Brothers filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court on December 16, 2009. See In re Roper Bros. Lumber Co., Inc., No. 09-38215-KRH (Bankr. E.D. Va.).[1]

**B.     The Chapter 11 Case**

8. The Lester Group, Inc. has offered to purchase substantially all of the valuable assets of the Debtor, but prefers that such purchase and sale occur under the provisions of the Bankruptcy Code.

9. Accordingly, a voluntary bankruptcy petition for relief under chapter 11 of the Bankruptcy Code was filed or will be filed by the Debtor in furtherance of the ASSET PURCHASE

---

[1] Roper Brothers, headquartered in Petersburg, Virginia, was engaged primarily in the business of selling lumber and related building materials to home builders and commercial contractors throughout Virginia and North Carolina. After operating for more than 100 years, debtor terminated operations effective December 11, 2009. Roper Brothers continues to manage and operate its business as debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108. On January 4, 2010, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors for Roper Brothers. To date, no trustee or examiner has been appointed in that case.

AGREEMENT by and between The Lester Group, Inc., ("Purchaser"), and Taylor Brothers, Incorporated ("Seller"), dated January 12, 2010.

10. The books and records of Roper Brothers and the Debtor are intermingled. Accordingly, the Debtor incorporates the financial information filed in the *Declaration of John Kauzlarich in Support of Chapter 11 Petition and "First Day" Motions* in <u>In re Roper Bros. Lumber Co., Inc.</u>, No. 09-38215-KRH (Bankr. E.D. Va.).

**MOTIONS AND ORDERS**

11. The Debtor is filing concurrently herewith a number of first day motions (the "First Day Motions") and proposed orders (the "Proposed Orders"), each listed on the attached <u>Exhibit A</u>, and respectfully requests that the Court consider entering the Proposed Orders and/or granting the relief sought in such First Day Motions. I have reviewed each of the First Day Motions and Proposed Orders and the facts set forth therein are true and correct to the best of my knowledge, information and belief, with appropriate reliance on corporate officers and advisors. Moreover, I conclude that the relief sought in each of the First Day Motions and Proposed Orders (a) is necessary to avoid immediate and irreparable harm; (b) constitutes a critical element in the Debtor's liquidation; and (c) ensures that the Debtor complies with applicable non-bankruptcy law, to the extent such law remains applicable in a chapter 11 proceeding.

**A. Motion to Make Applicable to Debtor Certain Orders Entered in Roper's Chapter 11 Case**

12. The Debtor will file a motion, as set forth in items 1 on Exhibit A hereto, which requests that the Court enter an order (i) directing that certain orders entered in the chapter 11 case of Roper Brothers be made applicable to Debtor; (ii) directing the joint administration and procedural consolidation of the Debtor's case with Roper Brother's case; (iii) directing that the Debtor and Roper Brothers file consolidated statements, schedules, and other documents as

required by Bankruptcy Rule 1007; and (iv) waiving the requirement that the Debtor file a separate list of the creditors holding the 20 largest unsecured claims in the Debtor's case.

**B.     Motion to Authorize Rejection of Certain Leases**

13.     The Company will file a motion, as set forth in item 2 on Exhibit A hereto, seeking authority to reject effective as of the Closing Date (defined in the Asset Purchase Agreement), the lease by and between of Rolyat Properties LLC (landlord) and Taylor Brothers, Incorporated (tenant), dated July 31, 2006, for 1503 Rutherford Street, Lynchburg, Virginia; and the lease by and between Taylor Family Holdings, L.L.C. (landlord) and Taylor Brothers, Incorporated (tenant) for 905 Graves Mill Road, Lynchburg, Virginia; which will discontinue the Company's obligation to the counterparties and save the Company's bankruptcy estate considerable costs.

**C.     Motion to Approve Asset Purchase Agreement by and between The Lester Group, Inc., ("Purchaser"), and Taylor Brothers, Incorporated ("Seller"), dated January 12, 2010**

14.     The Company will file a motion, as set forth in item 3 on Exhibit A hereto, seeking approval of the Asset Purchase Agreement by and between The Lester Group, Inc. and the Debtor dated January 12, 2010 (the "APA") pursuant to 11 U.S.C. § 363 authorizing the Debtor to sell property of the estate free and clear of all liens, claims, encumbrances and interests and authorizing the Debtor to close immediately close on such sale upon entry of an order approving the APA.  The terms and conditions of the sale proposed by the APA were negotiated at arms length between the Debtor and The Lester Group represent the highest and best offer for the assets.  If the APA is not approved, the Debtor will incur substantial additional administrative costs associated with liquidating the assets, and likely will result in a lower net recovery for the

benefit of the estate. If the relief requested is not granted, there will be immediate and irreparable harm to the Debtor's estate.

I declare under penalty of perjury that the foregoing, is true and correct to the best of my knowledge, information, and belief, with appropriate reliance on the Company's officers, employees and advisors.

Executed on January 13, 2010

/s/ Philip R. Roper, III  
Liquidating Fiduciary

# EXHIBIT A

**A.     Administrative Motions**

      1.     Motion of Debtor for Order Pursuant to Section 105(a) of the Bankruptcy Code (I) Directing that Certain Orders in the Chapter 11 Case of Roper Brothers Lumber Company, Incorporated be Made Applicable to Taylor Brothers, Incorporated and (II) Granting Other Related Procedural Relief

**B.     Motion to Authorize Rejection of Leases of Real Property**

      2.     Motion of Debtor for Authorization to Reject Leases of Real Property

**C.     Motion to Authorize Debtor to Sell Property of the Estate**

      3.     Motion of Debtor for Order Approving Sale of Property of the Estate Free and Clear Pursuant to 11 U.S.C. § 363