Michael P. Falzone (VSB No. 22324)
Robert S. Westermann (VSB No. 43294)
Sheila deLa Cruz (VSB No. 65395)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Phone: (804) 771-9500
Facsimile: (804) 644-0957
Email: mfalzone@hf-law.com
    rwestermann@hf-law.com
    sdelacruz@hf-law.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | ) |
| | ) |
| **ROPER BROTHERS LUMBER COMPANY, INCORPORATED,** | ) Case No. 10-30216-KRH |
| et al., | ) |
| | ) Chapter 11 |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

## NOTICE OF MOTION AND HEARING

**PLEASE TAKE NOTICE** that on January 19, 2010, the Official Committee of Unsecured Creditors (the "Committee"), by counsel, filed an Objection (the "Objection") to the Motion of the Debtors for Entry of An Order Approving Sale of Property of the Estate Free and Clear of Liens Pursuant to 11 U.S.C. § 363 (the "Motion"). The Objection is being filed simultaneously herewith and served electronically with the Court.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Court's bench ruling at the January 14, 2010 hearing on the Motion, the Committee has scheduled a hearing on the Objection for **January 20, 2010, at 11:00 a.m.**, before The Honorable Kevin R. Huennekens, in

Courtroom 5000, United States Bankruptcy Court, 701 E. Broad Street, Richmond, Virginia 23219.

Dated: January 19, 2010

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

By: /s/ Michael P. Falzone
Proposed Counsel

Michael P. Falzone (VSB No. 22324)
Robert S. Westermann (VSB No. 43294)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
(804) 771-9500 (phone)
(804) 644-0957 (fax)

*Proposed Counsel for the Official Committee of Unsecured Creditors*

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363**

The Official Committee of Unsecured Creditors (the "Committee"), by its proposed counsel, sets forth the following as its Objection to the Motion of the Debtors for Entry of an Order Approving Sale of Property of the Estate Free and Clear of Liens Pursuant to 11 U.S.C. § 363 (the "Sale Motion"):

# I. PROCEDURAL BACKGROUND

1. On December 16, 2009, Roper Brothers Lumber Company, Incorporated ("Roper Brothers") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court.

2. On January 13, 2010, Taylor Brothers, Incorporated ("Taylor Brothers") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court.

3. Roper Brothers and Taylor Brothers (collectively, the "Debtors") continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4. On January 4, 2010, the Office of the United States Trustee formed the Committee in the Roper Brothers' case. No official committee of unsecured creditors has yet been formed in the Taylor Brothers' case. On January 7, 2010, the Committee retained Hirschler Fleischer, P.C. ("Hirschler Fleischer") to serve as its legal counsel in this case. On January 14, 2010, the Committee filed an application formally seeking to employ Hirschler Fleischer as its counsel.

5. On January 13, 2010, Taylor Brothers filed the Sale Motion. On January 14, 2010, the Court conducted an expedited hearing on the Sale Motion. At the conclusion of the hearing, and after hearing the Committee's concerns, the Court conditionally approved the Sale Motion subject to the right of the Committee to file an objection to the Sale Motion on or before 5:00 p.m. on January 19, 2010.

# II. THE SALE MOTION

6. The Sale Motion seeks to sell certain assets of Taylor Brothers to The Lester Group, Inc. ("Lester") pursuant to the terms of an Asset Purchase Agreement (the "APA")

between Lester and Taylor Brothers dated January 12, 2010. The assets to be sold generally consist of: (i) all inventory (less "slow moving" and "special order" inventory) held by Taylor Brothers for resale located at its Lynchburg, Virginia facility (the "Inventory"); (ii) all fixed assets located at the Lynchburg, Virginia facility (the "Fixed Assets"); and (iii) all rights and interests of Taylor Brothers in and to the names and marks "Taylor Bros. Lumber Co.," "Taylor Brothers Lumber", "Taylor Brothers Incorporated", and all variations thereof and related intellectual property thereto (the "Intellectual Property" and, together with the Inventory and the Fixed Assets, the "Lynchburg Assets").

7. The APA provides, among other things, that the consideration to be paid for the Lynchburg Assets shall be the sum of: (i) 60% of Taylor Brothers' costs for the Inventory; (ii) Taylor Brothers' net book value of the Fixed Assets; and (iii) $1,000 for the Intellectual Property, subject to prorations for any personal property taxes assessed against the Lynchburg Assets which are not yet due and owing as of the closing of the sale (the "Purchase Price"). Based upon the Schedules to the APA, the Purchase Price totals approximately $750,000.

8. The APA further provides that closing of the sale shall take place on January 22, 2010, or if all the conditions to closing (including Bankruptcy Court approval) have not been satisfied or waived by such date, on such later date as soon as practicable, but no later than February 5, 2010, or at such other time and place as Lester and Taylor Brothers may agree in writing (the "Closing Date").

9. In addition, the APA provides that upon the closing of any alternative transaction for the sale of the Lynchburg Assets, Taylor Brothers shall pay Lester a "Break-Up Fee" equal to $25,000 plus certain expenses of Lester not to exceed $25,000 (for a total of $50,000 in the event of an overbid).

10. Prior to execution of the APA, Taylor Brothers did not engage in any formal marketing of the sale of the Lynchburg Assets, nor did it propose to establish a formal bidding or auction process for the sale of the Lynchburg Assets (although the APA does contain break-up fee provisions to protect the proposed buyer in the event of an overbid). Taylor Brothers did not hire an investment banker or any other selling agent, and has made no effort to shop the signed APA on the open market. Finally, no appraisal has been done for the Lynchburg Assets.

### III.    THE COMMITTEE'S OBJECTIONS TO THE SALE MOTION

11. The Committee believes that Taylor Brothers has not taken reasonable steps to maximize the value of the Lynchburg Assets. The Committee has reviewed the APA and certain financial information provided by the Debtors. The Committee also has notified all members/lumber dealers of ENAP, Inc. (a lumber and building materials cooperative whose CFO is Chair of the Committee) of the proposed sale of assets to Lester. Several of ENAP's members have expressed surprise at how low the Purchase Price is given the value of the Lynchburg Assets. At least one, and possibly two, members have expressed an interest in purchasing the Lynchburg Assets, but are concerned with the short period of time (i.e., less than one week based on a January 22, 2010 Closing Date) to complete their due diligence as to the purchase.

12. Upon information and belief, Roper Brothers has sold at least $500,000 worth of other inventory on a piecemeal basis for approximately 70% of book value. The Committee also is aware that other lumber dealers have paid substantially more for inventory (*i.e.*, up to 90% of book value) sold by lumber yards in connection with asset sales held during the past two years. By contrast, Taylor Brothers proposes to sell its Inventory to Lester for only 60% of cost. Based on Taylor Brothers' own admission, this amount is less than the average price that Roper

5

Brothers is selling its other inventory on a piecemeal basis, thereby raising serious doubt as to whether fair value is being paid by Lester.

13. The Lynchburg Assets constitute a significant portion of the Debtors' bankruptcy estates. Taylor Brothers' request to sell the Lynchburg Assets on an expedited basis without any formal bidding and auction process, or otherwise providing a sufficient time for other interested parties to submit higher and/or better offers, will unduly prejudice the unsecured creditors in this case. In addition, Taylor Brothers has not stated a clear reason as to why this sale must occur on such an expedited time frame. If the reason is to satisfy Wells Fargo and its artificially set deadline of January 22, 2010 to reduce its debt by $1.6 million, this reason is not valid as the Committee will be objecting to the arbitrary deadline as an effort by Wells Fargo to force "fire sales" by the Debtors so that its purported secured debt can be paid in full more quickly, which is potentially to the detriment of the unsecured creditors. Wells Fargo is clearly over secured and adequately protected and thus should not be allowed to force any kind of sale timeline. If the reason is to satisfy Lester, this reason is not valid either in light of the APA's outside closing date of February 5 and the bid protections that Lester has been afforded in the APA.

14. Accordingly, the Committee requests that the Court defer final approval of the Sale Motion so as to provide additional time for the Debtors and the Committee to further market the Lynchburg Assets and the APA so as to maximize the value of those assets. Along those lines, the Committee suggests the following timeline that will still allow closing by the APA's outside deadline of February 5:

- January 21: Bid packages to be provided to interested parties (including the signed APA and inventory list);

- January 22-February 1: Interested parties may perform due diligence on the Lynchburg Assets upon signing an appropriate non-disclosure agreement;

- February 1 at 5:00 p.m.: Deadline for submission of competing bids (must include signed APA and cashier's check/wire transfer of at least $80,000) - initial competing overbid must be at least $800,000;

- February 2 at 10:00 a.m.: Auction for Lynchburg Assets if competing qualified bids received by February 1 deadline; subsequent minimum overbids at auction must be at least $25,000; and

- February 5: Closing deadline.

The Committee submits that this schedule allows sufficient time for other interested bidders to perform due diligence and decide whether or not to submit a competing bid. It is also the only way to discover, in very quick fashion, if more value can be achieved for those assets, which is in all parties' best interests.

## IV. CONCLUSION

15. For each of the foregoing reasons, the Committee respectfully requests that the Court sustain the Committee's Objection and allow the above schedule to be implemented in an effort to maximize value for all interested parties.

Dated: January 19, 2010

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

By: /s/ Michael P. Falzone
Proposed Counsel

Michael P. Falzone (VSB No. 22324)
Robert S. Westermann (VSB No. 43294)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
(804) 771-9500 (phone)
(804) 644-0957 (fax)
*Proposed Counsel for the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2010, I caused a true and correct copy of the foregoing to be electronically served by the Court's CM/ECF system to counsel for all necessary parties, including counsel for the Debtor and the Office of the U.S. Trustee.

                                              /s/ Michael P. Falzone
                                              Proposed Counsel