## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| IN RE: ROPER BROTHERS LUMBER COMPANY, INCORPORATED, ET AL., **Debtors.** | Case No. 09-38215-KRH <br> Chapter 11 <br> (Jointly Administered) |

### ORDER APPROVING SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR PURSUANT TO 11 U.S.C. § 363

Upon the motion (the "Sale Motion"),[1] of Taylor Brothers, Incorporated, one of the above-captioned debtors and debtors in possession in the above-captioned case ("Taylor" or the "Selling Debtor"), for entry of an order pursuant to sections 105 and 363 of the Bankruptcy Code approving the sale (the "Sale") of certain property of the estate to The Lester Group, Inc. ("Lester") pursuant to that certain Asset Purchase Agreement by and between Lester and the Debtor dated January 12, 2010 (the "APA"); and the Court having reviewed the foregoing and having heard the arguments of counsel and the evidence presented in support of the relief requested by the Selling Debtor in the Sale Motion at hearings before the Court on January 14, 2010 and January 20, 2010 (collectively, the "Sale Hearing"); and it appearing that the Court has jurisdiction over the matter; and it further appearing that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon,

---

[1] Unless otherwise stated herein, all capitalized terms shall have the same meaning as set forth in the APA (as defined herein) and the Sale Motion, as applicable. In the event of any conflict regarding the meaning of a capitalized term used in the Sale Motion, the APA, or this Order, the meaning in the APA shall control.

Roy M. Terry, Jr. VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Proposed Counsel for Taylor Brothers, Incorporated
*ATL 17,430,174v2*

THE COURT HEREBY FINDS AND DETERMINES THAT:

A. This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 258(a).

C. The statutory predicates for the relief requested in the Sale Motion are Bankruptcy Code §§ 105 and 363.

D. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

E. The Selling Debtor sent, via electronic mail or facsimile on January 13, 2010, a copy of the Sale Motion to all interested parties and entities, including, but not limited to: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the Creditors' Committee; (c) counsel for Wells Fargo Bank, N.A. ("Wells Fargo"); (d) all parties that requested notice in the Debtors' cases; and (e) such other parties entitled to receive notice pursuant to the Order Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 41). Accordingly, the Selling Debtor provided actual written notice of the Sale, the Sale Motion, and the Sale Hearing, along with a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, to all interested persons and entities.

F. As evidenced by the affidavits of service previously filed with this Court and the statements of the Selling Debtor's counsel at the Sale Hearing, proper, timely, adequate, and

sufficient notice of the Sale, the Sale Motion, and the Sale Hearing has been provided in accordance with Bankruptcy Code §§ 102(1) and 363. The foregoing notice described in paragraph D was good, sufficient and appropriate under the circumstances, and not other or further notice of the Sale, the Sale Motion, and the Sale Hearing is required.

G.	The disclosures made by the Selling Debtor concerning the Sale, the Sale Motion, and the Sale Hearing were good, complete and adequate.

H.	On January 12, 2010, the Selling Debtor entered into the APA with Lester, pursuant to which the Debtor agreed sell to Lester (i) all inventory held by Debtor for re-sale located at 905 Graves Mill Road, Lynchburg, Virginia (the "Inventory"); (ii) all fixed assets located at 905 Graves Mill Road, Lynchburg, Virginia (the "Fixed Assets"); and (iii) all rights and interest of Debtor in and to the names and marks "Taylor Bros. Lumber Co.," "Taylor Brothers Lumber," "Taylor Brothers, Incorporated" and all variations thereof and related intellectual property thereto (the "IP," collectively with the Inventory and Fixed Assets, the "Property").

I.	On January 13, 2010, the Selling Debtor filed the Sale Motion seeking entry of an order pursuant to sections 105 and 363 of the Bankruptcy Code (a) approving the sale of the Property to Lester and the related APA, and (b) granting other related relief.

J.	On January 14, 2010, the Court held a hearing on the Sale Motion and granted the relief requested therein, subject to the right of the Creditors' Committee to file an objection to the Sale Motion through and including January 19, 2010 at 5:00 p.m. If no objection was timely filed, the approval of the Sale Motion would be final.

K.     On January 19, 2010, the Creditors' Committee filed their Objection of the Official Committee of Unsecured Creditors to Motion of the Debtors for Entry of an Order Approving Sale of Property of the Estate Free and Clear of Liens Pursuant to 11 U.S.C. § 363 (the "Objection").

L.     On January 20, 2010, the Court held a hearing on the Objection. At the conclusion of the hearing, the Court overruled the Objection and granted the relief sought in the Motion. Robert B. Taylor, Jr. also appeared at the hearing, in person and by counsel, and by counsel orally objected to the Motion to the extent that the proceeds of the Sale might be paid to Wells Fargo Bank, N. A. pursuant to its apparent lien, and moved the court to order that the proceeds of the Sale be held in escrow for sufficient time to determine whether a valid marshaling claim might be brought to force Wells Fargo Bank, N. A. to be satisfied from other collateral than the proceeds of the sale, which objection and motion the Court overruled, as no written motion or objection was before the court on this issue.

M.     As demonstrated by the testimony at the Sale Hearing and the representations and arguments of counsel made at the Sale Hearing, the Debtors diligently and in good faith marketed the Property to obtain the highest and best offer for the same. With the exception of Lester, none of the potential suitors contacted by the Debtors expressed an interest in and the capability of timely consummating a meaningful transaction with the Selling Debtor for the Property.

N.     The APA does not preclude the Selling Debtor from considering other offers for the Property. As of the date of this Order, the Selling Debtor has not received an offer that the Selling Debtor deems to be higher and better than the offer contained in the APA.

O.     The Selling Debtor(i) has full corporate or other power to execute, deliver, and perform its obligations under the APA and all other documents contemplated thereby, and the sale

of the Property by the Selling Debtor has been duly and validly authorized by all necessary corporate or similar action; (ii) has all of the corporate or other power and authority necessary to consummate the transactions contemplated by the APA, and such other documents contemplated thereby or entered into in connection therewith; and (iii) has taken all action necessary to authorize and approve the APA and such other documents contemplated thereby. No third-party consents or approvals, other than those expressly provided for in the APA, are required for the Selling Debtor to consummate such transaction.

P. As a result of its sale efforts and the impact of the commencement of each of the Debtors' chapter 11 cases on the value of the Property and prospects for sale of the Property, the Selling Debtor believes that the APA is the best option for sale of the Property. The negotiated and agreed-upon terms and conditions of the APA will provide a greater recovery for the Debtors estates than would be provided by any other available alternative. The terms and conditions set forth in the APA, and the Sale to Lester pursuant thereto, each are fair and reasonable and the purchase price payable to the Debtors pursuant to the APA constitutes the highest and best offer obtainable for the Property. The Debtors have demonstrated that the sale of the Property to Lester in accordance with the terms of the APA is the best option for the Debtors and constitutes a valid and sound exercise of the Debtors' business judgment.

Q. The APA represents a fair and reasonable offer to purchase the Property. Approval of the Sale Motion and the consummation of the transaction contemplated therein are in the best interests of the Debtors, their creditors, their estates, and other parties in interest.

R. The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale prior to, and outside of, a plan of

liquidation in that, among other things, the Sale enables the Debtors to yield the highest value for the Property for the Debtors' creditors and other parties in interest.

S.  The APA was negotiated, proposed and entered into by the Selling Debtor and Lester without collusion, in good faith, and from arm's-length bargaining positions.

T.  Lester is not an "insider" of the Debtor, as that term is defined under section 101 of the Bankruptcy Code. The consideration provided by Lester pursuant to the APA (i) is fair and reasonable; (ii) is the highest and best offer for the Property being purchased by Lester; (iii) will provide greater recovery to the Debtors' estates than would be provided by any other available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States.

U.  The sale of the Property to Lester shall be free and clear of all liens, claims, encumbrances and other interests, with all such liens, claims encumbrances and other interests to attach to the proceeds of the Sale, subject to any claims and defenses that the Debtors or any party in interest (including the Creditors' Committee) may possess with respect thereto. Accordingly, the transfer of the Property to Lester will be, as of the Closing Date, a legal, valid, and effective transfer, and will vest Lester with all right, title, and interest of the Selling Debtor to the Property free and clear of all liens, claims, encumbrances and other interests against the Property existing as of the Closing Date or otherwise accruing, arising or relating to any time prior to the Closing Date (collectively, the "Liens").

V.  To maximize the value of the Property, it is essential that the Sale of the Property occur promptly. Time is of the essence in consummating the Sale.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The relief requested in the Sale Motion is GRANTED and APPROVED in all respects.

2. The Objection is OVERRULED.

3. The APA and all of the terms and conditions thereof are hereby APPROVED.

4. The Selling Debtor is authorized and empowered to execute and deliver, and empowered to perform under the APA.

5. This Order and the APA (including, without limitation, the approval of the APA and the transactions contemplated therein) shall be binding in all respects upon all creditors of and holders of equity interests in the Debtors (whether known or unknown), the Debtors, the Creditors' Committee, and any subsequent trustees appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7.

6. Pursuant to §§ 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Selling Debtor is authorized to transfer the Property to Lester on the Closing Date. Such Property shall be transferred to Lester upon and as of the Closing Date and such transfer shall constitute a legal, valid, binding and effective transfer of the Property and, upon the Selling Debtor's receipt of the Purchase Price, shall be free and clear of all Liens. Upon the Closing, Lester shall take title to and possession of the Property and the proceeds from the Sale shall be applied to the amounts that the Selling Debtor owes to Wells Fargo. Pursuant to section 363(f) of the Bankruptcy Code, the transfer of title to the Property shall be free and clear of (a) any and all Liens, and (b) all interests,

liabilities, obligations or claims, including, without limitation, all "claims" within the meaning of section 101(5) of the Bankruptcy Code.

7. All persons and entities holding Liens or interests in the all or any portion of the Property arising under, out of, in connection with, or in any way relating to the Property prior to the Closing Date hereby are forever barred, estopped and permanently enjoined from asserting against Lester or its successor or assigns, its property, or the Property, such persons' or entities' Liens or interests in or to the Property.

8. The sale of the Property to Lester shall be free and clear of all liens, claims, encumbrances and other interests, with all such liens, claims encumbrances and other interests to attach to the proceeds of the Sale, subject to any claims and defenses that the Debtors or any party in interest (including the Creditors' Committee) may possess with respect thereto. Accordingly, the transfer of the Property to Lester will be, as of the Closing Date, a legal, valid, and effective transfer, and will vest Lester with all right, title, and interest of the Selling Debtor to the Property free and clear of all liens, claims, encumbrances and other interests against the Property existing as of the Closing Date or otherwise accruing, arising or relating to any time prior to the Closing Date (collectively, the "Liens").

9. The Court retains jurisdiction to enforce and implement the terms and provisions of this Order, the APA, any waivers and consents thereunder, and of each of the agreements and documents executed pursuant to or in connection therewith in all respects.

10. The stay provisions of Bankruptcy Rule 6004 and any other similar rule shall not apply to this Order, and therefore, this Order shall be effective and enforceable immediately upon its entry.

11. To the extent there are any inconsistencies between the terms of this Order and the APA, the terms of this Order shall control.

12. The requirement set forth in Local Bankruptcy Rule 9013-1(G) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Sale Motion or otherwise waived.

ENTERED: _____

KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

We ask for this:


DURRETTEBRADSHAW PLC

 /s/ Roy M. Terry, Jr.
Roy M. Terry, Jr. VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Proposed Counsel for Taylor Brothers, Incorporated

Seen:


 /s/ Jonathan L. Hauser
Jonathan L. Hauser, VSB No. 18688
TROUTMAN SANDERS;LLP
222 Central Park Avenue, Suite 20000
Virginia Beach, VA 23462
Telephone (757) 687-7768
Counsel to The Lester Group, Inc.


 /s/ Paul J. Feinman
Paul J. Feinman, VSB No. 29669
Petty, Livingston, Dawson & Richards
P.O. Box 1080
Lynchburg, VA 24505
Telephone (434) 846-2768
Counsel for Robert B. Taylor, Jr.


 /s/ Michael P. Falzone
Michael P. Falzone, VSB No. 22324
Robert S. Westermann, VSB No. 43294
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 Esst Cary Street
Richmond, VA 23218-0500
Telephone (804) 771-9500
Proposed Counsel for the Creditors' Committee


 /s/ John J. Dyer
John J. Dyer
Greenberg Traurig, LLP
3290 Northside Parkway, NW
The Forem, Suite 400
Atlanta, GA 30327
Telephone (678) 553-2235
Counsel for Wells Fargo Bank, N.A.

**Local Rule 9022-1 Certification**

I hereby certify that a copy of the foregoing proposed order has been endorsed by all necessary parties.

                                                                     /s/ Roy M. Terry, Jr.